UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

YA-FENG WANG, )
)
    Plaintiff, )
)
    v. ) Case No. 1:19-cv-03768-TWP-TAB
)
DEPARTMENT OF THE NAVY, and )
DANIELLE WILKERSON, )
)
    Defendants. )

## ORDER GRANTING DEFENDANT'S MOTION FOR MORE DEFINITE STATEMENT AND DIRECTING FURTHER ACTION

This matter is before the Court on Defendant, Thomas B. Modly, Acting Secretary of the Department of the Navy's (the "Navy"), Motion for a More Definite Statement, filed pursuant to Federal Rule of Civil Procedure 12(e) (Dkt. 15). The Navy asks the Court to order *pro se* Plaintiff, Ya-Feng Wang ("Wang"), to file an amended complaint meeting certain requirements. For the reasons stated below, the Navy's Motion is **granted**.

### I. DISCUSSION

Federal Rule of Civil Procedure 12(e) provides that, "[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." Motions for a more definite statement are "generally disfavored" and "not to be used as substitutions for discovery." *Moore v. Fid. Fin. Servs., Inc.*, 869 F. Supp. 557, 560 (N.D. Ill. 1994). Federal Rule of Civil Procedure 8(a)(2) requires that complaints provide "a short and plain statement of the claim." A complaint must "give the defendant fair notice of what the ... claim is and the grounds upon which it rests," including "some indication ... of time and place."

*Smith v. Dart*, 803 F.3d 304, 309 (7th Cir. 2015) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and *Thomson v. Washington*, 362 F.3d 969, 970–71 (7th Cir.2004)).

On September 4, 2019, Wang filed the instant Complaint using the form *pro se* employment discrimination complaint available on the Court's website. He alleges claims under Title VII of the Civil Rights Act of 1964 ("Title VII") and the Americans with Disabilities Act of 1990 (the "ADA"). ([Filing No. 1 at 3](Filing No. 1 at 3).) The complaint form explains that both Title VII and the ADA require a plaintiff to "first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission." *Id*. The complaint form also instructs a plaintiff to specify the date that on which he received the Notice of Right to Sue letter and explicitly directs him to "[a]ttach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint." *Id*. at 5. Wang failed to comply with these instructions. Instead of disclosing the date on which he received the Notice of Right to Sue letter, Wang wrote that he received this letter "[a]fter May 24, 2019." *Id*. at 5. Moreover, he did not attach a copy of the Notice of Right to Sue letter to the complaint, even though the form instructed him to do so.

The Navy asserts that they cannot respond to the Wang's Complaint because without the required information, it cannot determine whether the Complaint is timely. A suit under Title VII or the ADA must be filed within 90 days of receipt of the right-to-sue letter. *See* 42 U.S.C. §§ 2000e-5(f)(1) & 12117(a); *see also Lee v. Cook Cnty.*, 635 F.3d 969, 971 (7th Cir. 2011) (Title VII); Gray v. Advocate Health & Hosps. *Corp.*, 442 F. App'x 236, 237 (7th Cir. 2011) (ADA).

Wang has not responded to the Motion for More Definite Statement and the time to do so has passed. The Court agrees that Wang's failure to follow the instructions on the *pro se* complaint form renders the Navy unable to determine whether to assert a timeliness defense and/or bring a

motion under Fed. R. Civ. P. 12(b) in response to Wang's complaint. Therefore, the Navy's Motion for a More Definite Statement is **granted**.

## II. CONCLUSION

For the reasons stated above, the Navy's Motion for a More Definite Statement ([Filing No. 15](#)) is **GRANTED**. Wang shall have **through Thursday, April 23, 2020**, by which to file an amended complaint which (1) contains a more definite statement as to when he received the Notice of Right to Sue letter from the Equal Employment Opportunity Commission, and (2) attaches a copy of the Notice of Right to Sue letter.

The amended complaint should have the proper case number, 1:19-cv-03768-TWP-TAB, and the words "Amended Complaint" on the first page. The amended complaint will completely replace the original compalint. *See Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017) ("For pleading purposes, once an amended complaint is filed, the original complaint drops out of the picture."). Therefore, it must set out every defendant, claim, and factual allegation Wang wishes to pursue in this action.

**SO ORDERED.**

Date: 4/2/2020

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Ya-Feng Wang
301 North Pete Ellis Drive, #211
Bloomington, Indiana 47408

Jackson Taylor Kirklin
UNITED STATES ATTORNEY'S OFFICE
taylor.kirklin@usdoj.gov